# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SIDNEY KEITH GRAHAM, 1299695, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-512-N |
| | ) | ECF |
| NATHANIEL QUARTERMAN, | ) | |
| Director TDCJ-CID, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.    Procedural Background**

Petitioner challenges his conviction for forgery. *State of Texas v. Sidney Keith Graham*, No. F-0500225-WP, (203rd Dist. Ct., Dallas County, Tex., March 25, 2005). Petitioner pled guilty to the charge and was sentenced to twenty years confinement.

On July 31, 2006, the Fifth District Court of Appeals affirmed the conviction. *Graham v. State*, No. 05-05-00547-CR (Tex. App. – Dallas, July 31, 2006, pet. ref'd.). On January 24, 2007, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. *Graham v. State*, PDR No. 1659-06. Petitioner has not filed any state habeas petitions.

On March 14, 2007, Petitioner filed this federal petition. He argues: (1) his guilty plea was involuntary; (2) the court erred in failing to grant Petitioner's motion to quash the enhancement paragraphs; and (3) the trial court erred in entering a judgment of guilty without submitting the issue of guilt to the jury.

## II. Discussion

### 1. Standard of review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2049 (1997). The petition in this case is subject to review under the AEDPA.

**2**. **Guilty Plea**

Petitioner claims his guilty plea was involuntary. He states the court entered a plea of guilty without his consent.

Before the trial court may accept a guilty plea, it must ensure that the defendant "has a full understanding of what the plea connotes and of its consequences." *Taylor*, 3933 F.2d at 330 (5th Cir. 1991) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). A plea is involuntary, and therefore insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Taylor*, 933 F.2d at 330 (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

In this case, Petitioner has not shown that his plea was involuntary. The state record shows that the trial judge repeatedly and thoroughly questioned Petitioner regarding his knowledge and understanding of the charges against him and the effect of his guilty plea. The transcripts state:

| | |
|---|---|
| DEFENSE COUNSEL: | [Petitioner] informed me that he is going to enter a plea of guilty and go forward on sentencing.<br>Is that correct, Mr. Graham? |
| PETITIONER: | Yes. |
| COURT: | Continuing the record that's been made already, Mr. Graham having indicated that he's going to enter a plea of guilty when the indictment is read, the Court needs to have on the record that this is a knowing plea of guilty, that he's knowingly waiving his constitutional rights and the record |

|  |  |
|---|---|
|  | needs to reflect that the admonishments required by the statute are – have been given. |
|  | So, [Defense Counsel], you want to undertake this? |
| DEFENSE COUNSEL: | Yes, Your Honor. I think first we probably need to have Mr. Graham sworn. |
|  | (Defendant sworn). |
| * * * * |  |
| DEFENSE COUNSEL: | Okay, do you understand everything that's going on here today? |
| PETITIONER: | Yes, I do. |
| DEFENSE COUNSEL: | Do you understand you have an absolute constitutional right to a jury trial? |
| PETITIONER: | Yes, I do. |
| DEFENSE COUNSEL: | In fact, we have picked a jury and we were going to proceed to trial today; is that correct? |
| PETITIONER: | That's correct. |
| DEFENSE COUNSEL: | And you know you have the right to put the State to its burden of proving your guilt beyond a reasonable doubt? |
| PETITIONER: | Yes. |
| DEFENSE COUNSEL: | And you also have the right to cross-examine any of the State's witnesses as it concerns your guilt or innocence. |
| PETITIONER: | Yes. |
| DEFENSE COUNSEL: | And you understand you would also have the right to testify in your own behalf as it refers to your guilt or innocence? |
| PETITIONER: | Yes. |

| | |
|---|---|
| DEFENSE COUNSEL: | At this time, you are freely and voluntarily waiving your right to have a trial on your guilt or innocence, waiving your right to cross-examine witnesses as to your guilt or innocence and waiving your right to testify as to your guilt or innocence and entering a plea of guilty. Is that correct? |
| PETITIONER: | May I say something before I answer that? |
| DEFENSE COUNSEL: | Sure. |
| PETITIONER: | I am not waiving my rights to appeal this case. |
| COURT: | Certainly. |
| PETITIONER: | Okay. |
| DEFENSE COUNSEL: | So with that being said, knowing that you're not waiving your right to appeal, do you enter a plea of guilty? |
| PETITIONER: | Yes. |
| DEFENSE COUNSEL: | Okay. |
| PETITIONER: | No contest. That's it, a plea of no contest. |
| COURT: | And you understand for the purposes of this criminal trial, a no contest plea will be tantamount to a guilty plea? |
| PETITIONER: | So I understand. |
| COURT: | Let me ask you two or three questions, Mr. Graham. You have entered this plea of guilty, Did [Defense Counsel] or anyone else persuade you to plead guilty to the charge when you really didn't feel like you wanted to? |
| PETITIONER: | No. |

\* \* \* \*

| | |
|---|---|
| COURT: | Have you spoken with anyone from the Governor's office who told you that you might be receiving a pardon from the Governor? |

| | |
|---|---|
| PETITIONER: | No. No I haven't, sir. |
| COURT: | All right. And are you pleading no contest to this cause because of the facts alleged by the State are correct? In other words, the – what they're alleging in their charge about forgery. |
| PETITIONER: | Yes. |
| * * * * | |
| COURT: | There's no plea bargain at all, correct Mr. Graham? There will be a punishment phase, the State will put on evidence, the Defendant could put on evidence, if they wish, and the jury will be instructed on what the range of punishment is and they will come back with something in that range. Do you understand that procedure? |
| PETITIONER: | Yes, sir. |

(Trial Tr. Vol. 3 at 10-13).

Further, to the extent that Petitioner argues that the trial court failed to admonish him regarding the range of punishment, this claim is without merit. During the pre-trial hearing, the parties extensively discussed the range of punishment. The record reflects that defense counsel informed the judge that Petitioner believed he should be charge with only a third degree felony with a punishment range of two to ten years in prison. (Tr. Vol. 2 at 9). Petitioner also wrote a letter to the court and asked his attorney to read the letter into the record. *Id*. In his letter, Petitioner argued that his case should not be enhanced by the two prior felonies. He specifically stated that if the charge was enhanced, his punishment range would be two to twenty years in prison. (*Id*. at 11). Petitioner therefore clearly understood the punishment range in this case.

Further, to the extent that Petitioner argues the jury should not have been instructed to enter a guilty verdict, the claim is without merit. The record clearly shows that Petitioner entered a knowing and voluntarily guilty plea. Petitioner's claims should be denied.[1]

**3.      Trial Error**

Petitioner argues the trial court erred when it denied his motion to quash the enhancement paragraphs. Petitioner argues the enhancement paragraphs were added to the re-indictment as a result of prosecutorial misconduct.

As a general rule, a defendant may not collaterally attack a voluntary and intelligent guilty plea. *Taylor v. Whitley*, 933 F.2d 325, 327 (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984); *see also Smith v. McCotter*, 786 F.2d 697, 702 (5th Cir. 1986) (citations omitted) (finding that a knowing and voluntary guilty plea "generally waives all claims relating to events preceding the guilty plea, including constitutional ones, in a subsequent habeas proceeding.") As discussed above, the Court finds that Petitioner entered a knowing and voluntary guilty plea. His claims regarding the motion to quash are therefore waived.

**4.      Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and

---

[1] To the extent that Petitioner claims that state law was violated when the jury was instructed to enter a guilty verdict, Petitioner's claim fails to entitle him to federal habeas relief. *See Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986) (finding federal habeas corpus relief is available only for the vindication of rights existing under federal law).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 be denied with prejudice for failure to make a substantial showing of the denial of a federal right.

Signed this 21st day of July, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).